**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| **SHAN HUBSMITH,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **SECURIAN LIFE INSURANCE COMPANY;** | § |
| **SECURIAN FINANCIAL SERVICES, INC.;** | § |
| **and HOME DEPOT, U.S.A., INC.,** | § |
| | § |
| **Defendants.** | § |

**NOTICE OF REMOVAL**

1.      Defendants Securian Life Insurance Company and Securian Financial Services, Inc. respectfully file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show the Court as follows:

**I.      COMMENCEMENT AND SERVICE**

2.      On May 2, 2025, Plaintiff Shan Hubsmith commenced this action by filing his Complaint in the Third Judicial District Court in and for Salt Lake County in the State of Utah. Defendants Securian Life Insurance Company and Securian Financial Services, Inc. (collectively, the "Securian Defendants") were served with process on May 8, 2025.

3.      This Notice of Removal is timely filed within thirty days of the receipt of a copy of the initial pleading and summons, from which it was ascertained that the case is one that is removable pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II.    GROUNDS FOR REMOVAL

### A.    <u>Diversity Jurisdiction</u>

4.    Securian Defendants are entitled to remove the entire state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000 between parties of diverse citizenship.

5.    Further, removal of the state court action to this Court is proper under 28 U.S.C. § 1441(a) because this Court's district and division embraces the Third Judicial District Court in and for Salt Lake County in the State of Utah.

6.    Plaintiff is a resident of and is domiciled in Salt Lake County, Utah.[1] For purposes of diversity jurisdiction, Plaintiff is a citizen of Utah.

7.    Defendant Securian Life Insurance Company is a Minnesota corporation with its principal place of business in Saint Paul, Minnesota. For purposes of diversity jurisdiction, Securian Life is a citizen of Minnesota.

8.    Defendant Securian Financial Services, Inc. is a Minnesota corporation with its principal place of business in Saint Paul, Minnesota. For purposes of diversity jurisdiction, Securian Financial is a citizen of Minnesota.

9.    Defendant Home Depot, U.S.A., Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia. For purposes of diversity jurisdiction, Home Depot is a citizen of Delaware and Georgia.

10.    No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the parties.

---

[1] *See* Exhibit 3, Compl. at ¶ 1 ("Plaintiff Shan Hubsmith is an individual who resides in Salt Lake County, Utah.").

11.     Plaintiff alleges that he seeks monetary relief of at least $300,000.[2]   Accordingly, Plaintiff's Complaint establishes that the total amount in controversy in the action exceeds $75,000 and this Court has jurisdiction under 28 U.S.C. § 1332.

**B.     Federal Question Jurisdiction**

12.     Additionally and/or alternatively, this action is one in which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 in that it is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et . seq.

13.     Plaintiff is a participant in a group insurance plan maintained by Home Depot for the benefit of its employees ("Plan"). As part of the Plan, Home Depot is the policyholder of Group Accidental Death and Dismemberment Policy No. 70001, issued on or about May 1, 2015 ("Policy"). *See* Certificate of Insurance ("Certificate"), attached as Exhibit 1, p. 1. Plaintiff was employed by Home Depot. Compl., ¶ 15.

14.     The Plan is governed by ERISA because it constitutes an employee welfare benefit plan that was established and maintained by Home Depot for the purpose of providing benefits to its employees and their dependents, including Plaintiff. *See* 29 U.S.C. § 1002; *Peckham v. Gem State Mut. of Utah*, 964 F.2d 1043, 1047 (10th Cir. 1992).

15.     In the Complaint, Plaintiff alleges that he incurred a loss for which coverage was available under the Policy. Compl., ¶¶ 25-27. Plaintiff further alleges that he was damaged because his claim under the Plan and Policy was not approved. *Id.*, ¶¶ 25-27, 45-59. At 29 U.S.C. § 1132(a), ERISA provides for civil actions to recover benefits thereunder and the enforcement of rights under the Plan is governed exclusively by federal law under ERISA. *Pilot Life Ins. Co. v. Dedeaux*,

---

[2] *See* Exhibit 3, Compl. at ¶¶ 33, 43, and 59.

3

481 U.S. 41 (1987); *see also* 29 U.S.C. § 1132(e) (providing for jurisdiction of such matters by the federal courts).

16.     The District Courts of the United States have original jurisdiction over, and federal law (ERISA) controls, actions brought to recover benefits and to enforce rights under employee welfare benefit plans. 29 U.S.C. § 1332(e)(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Therefore, removal of such cases to federal court is proper. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

17.     Additionally, Plaintiff's claims are completely preempted by ERISA and thus arise under federal law. "[W]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. … ERISA is one of these statutes." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207-08 (2004). Plaintiff's claims, regardless of how they are artfully pled, are preempted and properly removable to this Court.

### III.     VENUE

18.     Venue lies in the District of Utah, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

### IV.     CONSENT TO REMOVAL

19.     The undersigned hereby certifies that Securian Defendants have met and conferred with Defendant Home Depot, U.S.A., Inc. regarding removal to this Court. Home Depot confirmed that it consents to removal.

### V.     NOTICE

20.     Securian Defendants will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).

## VI.    EXHIBITS TO NOTICE OF REMOVAL

The documents supporting this Notice of Removal are attached hereto, including records that are currently on file with the state court, and include:

Exhibit 1:    Certificate of Insurance

Exhibit 2:    Summons

Exhibit 3:    Complaint

Exhibit 4:    Notice of Service of Process

Exhibit 5:    State Court Docket Sheet

Exhibit 6:    Civil Cover Sheet

## VII.    CONCLUSION

Securian Defendants, pursuant to the statutes cited above and in conformity with the requirements set forth in 28 U.S.C. § 1446, remove this action Third Judicial District Court in and for Salt Lake County in the State of Utah, to this Court.

Date: May 28, 2025                                    Respectfully submitted,


By: */s/ Jason A. Richardson*
    Jason A. Richardson
    Utah Bar No. 14543
    MCDOWELL & HETHERINGTON LLP
    1001 Fannin Street, Suite 2400
    Houston, Texas 77002
    713-337-8872
    713-337-8862 (Fax)
    jason.richardson@mhllp.com

    **ATTORNEYS FOR SECURIAN
    DEFENDANTS**

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties through their counsel of record via email and US mail, on May 28, 2025:

Daniel S. Garner
Geena Arata
The Garner Law Firm
406 W. South Jordan Pkwy Suite 250
South Jordan, UT 84095
dan@garnerinjurylaw.com
geena.arata@garnerinjurylaw.com

*/s/ Jason A. Richardson*
Jason A. Richardson
