IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHAN HUBSMITH,<br><br>Plaintiff,<br><br>v.<br><br>SECURIAN LIFE INSURANCE COMPANY and SECURIAN FINANCIAL SERVICES, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00423-TC<br><br>Judge Tena Campbell |

Before the court is a motion to dismiss filed by Defendants Securian Life Insurance Company and Securian Financial Services, Inc. (the Securian Defendants). (ECF No. 6.) For the following reasons, the court grants that motion and dismisses this action.

**FACTUAL BACKGROUND**

Plaintiff Shan Hubsmith filed this action on May 2, 2025, in the Third Judicial District for the State of Utah. (Not. Removal, ECF No. 2; Compl., ECF No. 2-3.) In the caption of Mr. Hubsmith's Complaint, he only named the Securian Defendants. (ECF No. 2-3.) But in the body of the Complaint, under "Parties and Jurisdiction," Mr. Hubsmith named his employer, Home Depot, U.S.A., Inc. (Home Depot) as the sole defendant. (Id. ¶ 2.)

Mr. Hubsmith brings claims for breach of contract, fraudulent misrepresentation, and breach of the implied covenant of good faith and fair dealing. (Id. ¶¶ 24–49.) His claims arise from an accident that occurred when Mr. Hubsmith was operating a radial saw while working on home improvement projects at his home. (Id. ¶¶ 7–8.) Mr. Hubsmith cut off the four fingers of

1

his left hand.  (Id. ¶ 8.)  While surgeons were able to reattach his left index and middle fingers, his left ring and little fingers were partially amputated.  (Id. ¶¶ 11–12.)  Although Mr. Hubsmith's thumb was lacerated, it "did not detach …."  (Id. ¶ 13.)

Mr. Hubsmith had previously purchased a dismemberment insurance policy offered by his employer, which provided that "if a thumb and finger of one hand are lost, 25% of the total policy amount will be disbursed."  (Id. ¶¶ 16, 21–22.)  According to the policy, the loss of the thumb meant "complete severance at or above the metacarpophalangeal joints."  (Id. ¶ 23.)  Although the complaint is somewhat unclear, the court assumes that Mr. Hubsmith received no disbursement from the policy because be did not completely sever his thumb.

Mr. Hubsmith alleges that he was told that the loss of a single finger (even when there was no dismemberment of the thumb) was covered under the policy: "Plaintiff inquired what type of loss would be covered and the policy sales associate told Plaintiff that cutting off a singular digit of a finger, a singular finger, or multiple fingers would be recoverable as a loss under the policy."  (Id. ¶ 18.)  Mr. Hubsmith does not state whether the policy sales associate was employed by Home Depot or by the Securian Defendants.

Presumably because only the Securian Defendants were listed in the complaint's caption, the state court docket does not list Home Depot as a defendant and instead lists only the Securian Defendants.  (See State Dkt., ECF No. 2-5.)  Similarly, the only summons that appears to have been issued in the case was to the Securian Defendants.  (See Summons, ECF No. 2-2.)

The Securian Defendants removed this case to federal court on May 28, 2025.  (ECF No. 2.)  They filed their motion to dismiss on June 4, 2025.  (ECF No. 6.)  Under this court's local rules, Mr. Hubsmith was required to respond to that motion within 28 days, or by

July 2, 2025.  See DuCivR 7-1(a)(4)(A)(iii).  He did not submit a timely response and, as a result, the motion to dismiss is unopposed.

## LEGAL STANDARD

To survive a motion to dismiss, the factual allegations in a complaint must raise a plausible right to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56 (2007).  A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  And while factual allegations asserted in a complaint are accepted as true for purposes of a motion to dismiss, conclusory allegations in a complaint are not entitled to such deference and are insufficient to state a claim.  Id.

## ANALYSIS

In their unopposed motion, the Securian Defendants move to dismiss the claims against them because Mr. Hubsmith's claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq.

The court agrees.  "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.  To this end, ERISA includes expansive preemption provisions, see … 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'"  Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)).  As a result, the Supreme Court has held that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."  Id. at 209.

3

ERISA preemption includes the preemption of state law claims for breach of contract, see, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 57 (1987), breach of the implied covenant of good faith and fair dealing, see, e.g., Kidneigh v. UNUM Life Ins. Co. of Am., 345 F.3d 1182, 1185 (10th Cir. 2003), and claims for fraudulent misrepresentation, see, e.g., Wilcott v. Matlack, Inc., 64 F.3d 1458, 1464 (10th Cir. 1995) (finding that the tie between the fraudulent misrepresentation allegations and the ERISA plan was "plain and substantial").

Because Mr. Hubsmith's claims all relate to the availability of benefits under the relevant dismemberment policy or representations made about those benefits, the court holds that Mr. Hubsmith's claims against the Securian Defendants are preempted by ERISA and dismisses those claims with prejudice.

Because the court dismisses all claims against the Securian Defendants, the court must also determine if anything remains of this action—a determination which is rendered more difficult given Mr. Hubsmith's failure to respond to the motion to dismiss or otherwise appear. As discussed above, Mr. Hubsmith named Home Depot as a defendant in the state action, but only in the body (and not the caption) of the Complaint. The only summons that appears to have issued in this case was against the Securian Defendants and the state court docket does not list Home Depot as an additional defendant. In any event, the court finds that, to the extent Mr. Hubsmith asserts the same breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent misrepresentation claims against Home Depot, those claims are similarly preempted by ERISA.

Accordingly, the court will dismiss this action with prejudice for failure to state a claim on the basis of the claims asserted. This dismissal does not preclude Mr. Hubsmith from filing an appropriate action under ERISA and is without prejudice as it relates to any claims against

Home Depot, as Home Depot is arguably not named as an appropriate defendant and the court therefore has no jurisdiction to consider any claims against that company.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.     The court GRANTS the Securian Defendants' Motion to Dismiss.  (ECF No. 6.)

2.     The court directs the Clerk of Court to terminate Home Depot as a defendant and dismisses this action with prejudice for failure to state a claim.

DATED this 8th day of July, 2025.

BY THE COURT:

Tena Campbell
United States District Judge